# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
THOMAS ZUCCA

## DEFENDANTS
DRUMMOND SCIENTIFIC COMPANY

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **Delaware**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Daniel Orlow, Esq., Console Mattiacci Law, LLC
1525 Locust Street, 9th Floor, Philadelphia, PA 19102

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION
[x] 3 Federal Question (U.S. Government Not a Party)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Cases Only)

## IV. NATURE OF SUIT
[x] 442 Employment

## V. ORIGIN
[x] 1 Original Proceeding

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. § 623 et seq. and 43 P.S. § 951, et seq.

Brief description of cause:
Plaintiff was discriminated and retaliated against based on his age in violation of Federal and State law.

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** in excess of $75,000.00

**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):* JUDGE _____ DOCKET NUMBER _____

DATE: 03/06/2026

SIGNATURE OF ATTORNEY OF RECORD: /s/

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Bromall, PA

---

*RELATED CASE IF ANY:*    Case Number:_____    Judge:_____

1. Does this case involve property included in an earlier numbered suit?    Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?    Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?    Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?    Yes ☐
If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☒ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief *see certification below*
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B. Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury (*Please specify*):_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒    Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐    None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| THOMAS ZUCCA | : | CIVIL ACTION |
| v. | : | |
| DRUMMOND SCIENTIFIC COMPANY | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.      ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      (X)

| 03/06/2026 | | Plaintiff, Thomas Zucca |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 545-7676 | (215) 405-2900 | Orlow@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS ZUCCA<br>241 North Sproul Road<br>Broomall, PA 19008<br><br>*Plaintiff*,<br><br>v.<br><br>DRUMMOND SCIENTIFIC COMPANY<br>500 Parkway Drive<br>Broomall, PA 19008<br><br>*Defendant*. | CIVIL ACTION NO.:<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**

I. **INTRODUCTION**

Plaintiff, Thomas Zucca, brings this action against his former employer, Drummond Scientific Company ("Defendant"), for discriminating against him based upon his age (73 at the time of termination) and for retaliating against him for engaging in protected activity. Plaintiff was employed by Defendant for over sixteen (16) years, from February 11, 2008, through his termination on January 29, 2024, and last held the position of Supervisor.

Defendant terminated Plaintiff's employment because of his age and because of his engaging in protected activity, in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"). Plaintiff seeks all appropriate relief, including damages for economic loss, compensatory damages, liquidated damages, attorneys' fees and costs, and all other relief this Court deems appropriate.

II. **PARTIES**

1. Plaintiff, Thomas Zucca, is an individual and a citizen of the Commonwealth of Pennsylvania. Plaintiff resides at 241 North Sproul Road, Broomall, PA 19008.

1

2. Defendant Drummond Scientific Company is a company organized under the laws of Pennsylvania, is engaged in an industry affecting interstate commerce, and regularly does business in the Commonwealth of Pennsylvania.

3. Defendant Drummond Scientific Company maintains offices and its principal place of business located at 500 Parkway Drive, Broomall, PA 19008.

4. At all times material hereto, Plaintiff worked at Defendant's business offices located at 500 Parkway Drive, Broomall, Pennsylvania, within the Eastern District of Pennsylvania.

5. At all times material hereto, Defendant employed approximately one hundred ten (110) employees.

6. At all times material hereto, Defendant employed twenty (20) or more employees.

7. At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

8. At all times material hereto, Defendant acted as an employer within the meaning of the ADEA, 29 U.S.C. § 623 et seq.

9. At all times material hereto, Defendant acted as an employer within the meaning of the PHRA, 43 P.S. § 951 et seq.

10. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the ADEA and the PHRA.

### III.  JURISDICTION AND VENUE

11. The causes of action which form the basis of this matter arise under the ADEA and the PHRA.

12. This Court has jurisdiction over Count I (ADEA) pursuant to 29 U.S.C. §626(c) and 28 U.S.C. §1331.

13. This Court has jurisdiction over Count II (PHRA) pursuant to 28 U.S.C. §1367.

14. Venue is proper in this District Court pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred within this District.

15. On or about April 16, 2024, Plaintiff filed a complaint of discrimination with the Pennsylvania Human Relations Commission ("PHRC"), complaining of acts of discrimination alleged herein. That complaint was cross-filed with the Equal Employment Opportunity Commission ("EEOC"). Attached hereto and incorporated herein as Exhibit "1" is a true and correct copy of Plaintiff's agency complaint (with personal identifying information redacted).

16. On or about December 12, 2025, the EEOC issued to Plaintiff a Notice of Right to Sue pertaining to Plaintiff's agency complaint. Attached hereto as Exhibit "2" is a true and correct copy of that Notice.

17. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

IV. **FACTUAL ALLEGATIONS**

18. Plaintiff was first hired by Defendant on or about February 11, 2008.

19. Plaintiff's date of birth is February 21, 1951.

20. Plaintiff consistently performed his job duties in a highly competent manner.

21. Plaintiff last held the position of Supervisor.

22. Plaintiff last reported to Juan Cortez (35)[1], Manager of Operations.

23. At all relevant times, Cortez reported to Eric Smith (45), Director of Operations.

24. At all relevant times, Smith reported to Christopher Spina (45), Vice President, Operations.

25. At all relevant times, Spina reported to Christopher Strohsahl (45), President.

26. In 2022, Plaintiff began reporting directly to Cortez.

27. Neither Spina, Smith, nor Cortez had any role in Plaintiff being hired.

28. Plaintiff was the oldest employee reporting to Cortez.

29. In or about 2021 Rob Miller (42), Mr. Strohsahl's predecessor as President, commented that Defendant needed to get rid of these "old guys."

---

[1] All ages referenced herein are approximations as of the date of Plaintiff's termination.

3

30. Plaintiff was treated differently and worse, and in a more hostile and dismissive manner, than younger employees.

31. By way of example, Plaintiff's performance was unjustly criticized and his requests for assistance were routinely dismissed.

32. Throughout 2022 and 2023, Defendant terminated several older employees, while retaining and hiring younger employees.

33. In 2023, in a meeting with Asma Munir (45), Vice President, Human Resources, Plaintiff complained that, in light if various older employees leaving and/or being pushed out, it seemed to him that Defendant was trying to get rid of older employees.

34. Defendant failed to investigate Plaintiff's age discrimination complaints.

35. On January 29, 2024, in a meeting with Cortez and Munir, Defendant terminated Plaintiff's employment, effective immediately. The reason provided to him was that he had failed to perform his duties and responsibilities as a supervisor.

36. Plaintiff was not placed on any progressive discipline before Defendant terminated his employment.

37. At the time of Plaintiff's termination, the following employees, in addition to Plaintiff, reported to Cortez:

    a. Ryan Wood (30), Supervisor;

    b. Brian Hogan (35), Supervisor;

    c. Brett Kelly (35), Supervisor;

    d. Craig Murray (35), Supervisor;

    e. Brad Anders (35), Supervisor;

    f. Dylan Chalfont (35), Supervisor;

    g. Samantha Simmers (35), Supervisor;

    h. Chris Burkett (40), Supervisor;

    i. Andrew Smyth (40), Supervisor;

      j.    John Stanton (40), Supervisor;

      k.    Bill Dougherty (45), Supervisor;

      l.    Russ Detmin (50), Supervisor.

38.    On or about March 4, 2024, Defendant replaced Plaintiff with Hogan (35).

39.    Defendant replaced Plaintiff with and assigned Plaintiff's job duties and responsibilities to substantially younger employees, including Hogan (35).

40.    Plaintiff had no documented performance or disciplinary issues throughout his more than sixteen (16) years of service with Defendant.

41.    Plaintiff had no opportunity to remain employed with Defendant.

42.    Plaintiff was the only employee reporting to Cortez who was terminated on January 29, 2024.

43.    Plaintiff's age and his complaint of age discrimination were each substantial, determinative, and/or motivating factors in Defendant's discriminatory and retaliatory treatment of Plaintiff, including the termination of his employment.

44.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until the Court grants the relief requested herein.

### COUNT I - ADEA

45.    Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

46.    By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.*

47.    Defendant's violations of the ADEA were willful and intentional under the circumstances, warranting the imposition of liquidated damages.

48. As a direct and proximate result of Defendant's violations of the ADEA, Plaintiff has suffered damages including lost wages, lost benefits, emotional distress, and other injuries, and has incurred attorneys' fees and costs.

49. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless this Court grants the relief requested herein.

50. No previous application has been made for the relief requested herein.

## COUNT II - PHRA

51. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

52. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951 *et seq.*, specifically Section 5(a) and Section 5(d) thereof.

53. Said violations were intentional and willful.

54. As a direct and proximate result of Defendant's violations of the PHRA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

55. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

56. No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant:

    a. declaring the acts and practices complained of herein to be in violation of the ADEA;

      b.      declaring the acts and practices complained of herein to be in violation of the PHRA;

      c.      enjoining and permanently restraining the violations alleged herein;

      d.      entering judgment against Defendant and in favor of Plaintiff in an amount to be determined;

      e.      awarding damages to make Plaintiff whole for all lost earnings, earning capacity, and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

      f.      awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional distress, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

      g.      awarding liquidated damages to Plaintiff under the ADEA;

      h.      awarding Plaintiff such other damages as are appropriate under the ADEA and the PHRA;

      i.      awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and

      j.      granting such other and further relief as this Court may deem just, proper, or equitable, including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**CONSOLE MATTIACCI LAW, LLC**

Dated: <u>March 6, 2026</u>      By:      <u>*/s/ Daniel S. Orlow*</u>
      Daniel S. Orlow, Esquire
      1525 Locust Street, 9th Floor
      Philadelphia, PA 19102
      Phone: (215) 545-7676
      orlow@consolelaw.com
      *Attorneys for Plaintiff*